IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRAIG PAYNE, Y40610, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 25-cv-1013-DWD |
| | ) |
| C/O CROOKS, | ) |
| JEREMIAH BROWN, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

  Plaintiff Kraig Payne, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Lawrence Correctional Center (Lawrence), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff alleges the defendants failed to protect him from an assault by a fellow inmate. Plaintiff's Complaint (Doc. 1) was dismissed for failure to state a claim, and his amended complaint (Doc. 12) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

ANALYSIS

Plaintiff again alleges that on September 30, 2024, a "hostile detainee" approached him during yard time for his housing unit.  (Doc. 12 at 6).  He claims that Defendant Crooks allowed the inmate to "walk up on [him]" but simply closed the gate and walked away instead of intervening.  Crooks then sat at the door overlooking the tier, where he could see Plaintiff and the hostile inmate "getting ready to fight."  Plaintiff complains Crooks did nothing, a fight ensued, and he sustained a "deadly face scratch."  He sought medical care via a sick call slip, but got no response.  Plaintiff alleges Crooks is liable for failing to act, and a supervisor could be sued for failing to ensure health and safety problems.  (*Id.*).

He goes on to allege that Defendant Jeremiah Brown, the warden, is liable for failing to respond to his complaint about serious pain.  (Doc. 12 at 5).  He alleges a supervisor created a policy or custom allowing or encouraging illegal acts.  He claims this amounts to a failure to supervise subordinates and to provide a safe environment.  Plaintiff seeks $2.2 million dollars.  (Doc. 12 at 7).

Based on the allegations in the Complaint, the Court will designate the following claim:

> **Claim 1:** **Eighth Amendment failure to protect claim against Defendants Crooks and Brown;**
>
> **Claim 2:** **Eighth Amendment deliberate indifference claim against Defendants Crooks and Brown for failing to offer medical care.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

### PRELIMINARY DISMISSAL

Plaintiff mentions a *Monell*[1] violation in his amended complaint, and alleges a supervisor created a policy or custom of allowing illegal acts or failed to adequately train subordinates. These allegations are threadbare and do not plausibly identify a discrete policy or custom, let alone the individual(s) responsible for the policy or custom. It is also noteworthy that *Monell* liability is typically applied to entities like medical contractors in the state prison system, or to jail or county officials in the county jail context. It is rare to apply *Monell* liability to a state employee, and is only contemplated in terms of the injunctive relief context because a state inmate cannot secure monetary compensation against a state official in official capacity. *See e.g.*, *Dixon v. Brown*, 2021 WL 1171657 at *5 (S.D. Ill. Mar. 29, 2021) (explaining that a state official may be held liable in official capacity under § 1983 solely for injunctive relief). Here, Plaintiff seeks only monetary compensation, so he could not proceed against a state employee in official

---

[1] *Monell v. Dept. of Social Serv. Of City of New York*, 436 U.S. 658 (1978).

capacity for the relief he seeks under *Monell*. For all of these reasons, these allegations are dismissed as insufficiently pled.

## ANALYSIS

To establish a failure to protect claim under the Eighth Amendment, a plaintiff must allege "(1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). But "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005); *see also*, *Moore v. Western Illinois Corr. Ctr.*, 89 F.4th 582 (7th Cir. 2023) (finding that a guard's knowledge of prior horseplay and annoyances by one inmate to another was not sufficient to demonstrate a failure to protect from a serious violent attack).

Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago*, 599 F.3d at 756. "[N]egligence, or even gross negligence does not equate to deliberate indifference" and does not state a claim for a violation of the Eighth Amendment. *Johnson v. Dominguez*,

5 F.4th 818, 825 (7th Cir. 2021). Related to the failure to protect, inmates may also allege that prison staff failed to intervene in an ongoing assault. *See* Eddmonds v. Walker, 317 Fed. App'x 556, 558-59 (7th Cir. 2009). To establish such a claim, an inmate must allege the onlooker had a reasonable opportunity to intervene.

Plaintiff has not added any meaningful new facts to his amended complaint. The Court previously found that his allegations about his interactions with a fellow inmate in front of Crooks were insufficient to invoke a theory of failure to protect or failure to intervene. As Plaintiff describes it, he willingly engaged in a fight and did not solicit any assistance or protection from Crooks. Staff are not required to protect inmates from fights they willingly engage in. *See e.g.*, *Clark v. Johnson*, 181 Fed. App'x 606, 607 (7th Cir. 2006) (finding that prison staff was not required to protect an inmate from a violent altercation that he instigated). Plaintiff's passing allegation that Brown did not provide a safe environment falls flat because there is no indication Brown had prior knowledge of the threat or an opportunity to intervene. Thus, Claim 1 is dismissed as inadequately pled.

In Claim 2, Plaintiff faults Crooks and Brown for deliberate indifference to his medical needs, but the most he alleges is a "deadly" scratch on his forehead. Minor scratches are not a sufficient injury to warrant constitutional relief. *See e.g.*, *Lord v. Beahm*, 952 F.3d 902, 904-05 (7th Cir. 2020). Additionally, Plaintiff does not allege in his amended complaint that either Crooks or Brown personally saw or were aware of his alleged injury. A defendant cannot be held liable for an issue if he does not have any personal knowledge of it. Plaintiff alleges he submitted a sick call slip that was ignored but does

not say when he did this or who he gave it to. He also alleges Brown ignored his complaints of serious pain but does not say when or how he lodged this complaints. Plaintiff simply has not said enough about the nature of his alleged injury or his attempts to get care to sustain a claim.

Having reviewed Plaintiff's amended complaint, the Court finds that it is not necessary to afford further opportunities to amend because it is not apparent that there is any set of related facts that would be sufficient to sustain a constitutional claim. *See e.g. Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) (amendment would be futile if plaintiff already had multiple chances to cure deficiencies); *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny leave to amend if an amendment would be futile); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011) (leave to amend shall be granted where justice so requires, but leave to amend need not be given if an amendment to the complaint would be futile). As such, this case is now dismissed for failure to state a claim under 28 U.S.C. § 1915A. This dismissal shall count as a strike for purposes of 28 U.S.C. § 1915(g).

## Disposition

Plaintiff's Amended Complaint (Doc. 12) is **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915A. The Clerk of Court shall enter judgment and **CLOSE** this case.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $605.00 filing fee irrespective of the outcome

of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

Dated: October 7, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge